## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRANCE GUIDRY,** | **CIVIL ACTION NO.:** 6:19-cv-00997-MJJ-CBW |
| **Plaintiff,** | |
| **v.** | **JUDGE: Michael J. Juneau** |
| **PENN CREDIT CORPORATION,** | **MAGISTRATE JUDGE:** Carol B. Whitehurst |
| **Defendant.** | |

## UNOPPOSED MOTION TO DISMISS AND/OR TO TRANSFER CASE TO THE MIDDLE DISTRICT OF FLORIDA UNDER THE FIRST-TO-FILE RULE

NOW COMES, Defendant, Penn Credit Corporation, ("Defendant"), by and through its undersigned counsel, and hereby files this Unopposed Motion to Transfer this Case to the Middle District of Florida Under the First-to-File Rule and states as follows:

### I.     **Introduction**.

Courts in the federal system maintain a system of comity among themselves. The particular expression of comity invoked when two parties file substantially the same suit against each other in different federal jurisdictions is the first-to-file rule. This rule is not codified. Rather, the first-to-file rule is a general principle of case management in the federal system. The thrust of the rule is that, absent compelling circumstances, federal courts will defer to actions previously filed in other federal courts when the parties and issues in the two suits are essentially the same.

In general, the first-to-file rule gives priority to a prior-filed action over a later-filed action. A corollary of the first-to-file rule gives the decision on the propriety of the first-filed suit to the district court presiding over that suit.

II.      **Legal Standard**.

The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed. *See, West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985); *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The "first to file" rule is grounded in principles of comity and sound judicial administration. "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *See, West Gulf,* 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* at 729; *see also Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817–20, 96 S.Ct. 1236, 1246–48, 47 L.Ed.2d 483 (1976). This concern applies where related cases are pending before two judges in the same district, as is the case here, as well as where related cases have been filed in different districts. *See, Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)

Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *See, Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.1997); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728 (5th Cir.1985). The rule rests on principles of comity and sound judicial administration. *See, Save Power,* 121 F.3d at 950; *West Gulf,* 751 F.2d at 728. "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid

piecemeal resolution of issues that call for a uniform result." *West Gulf,* 751 F.2d at 729; *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)

"The Fifth Circuit adheres to the general rule, that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *See, Save Power,* 121 F.3d at 948. Thus, once the district court found that the issues might substantially overlap, the proper course of action was for the court to transfer the case to the Laredo court to determine which case should, in the interests of sound judicial administration and judicial economy, proceed. The district court erred by dismissing the suit. *See, Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 606 (5th Cir. 1999)

## III.    Argument.

Plaintiff's putative class action must be dismissed and/or transferred to the Middle District of Florida as the instant putative class action is not the first filed putative class action aimed at Defendant, Penn Credit. *See, Gurzi v. Penn Credit Corporation,* Case No 6:19-cv-00823 (MDFL filed 4/30/2019).   The Fifth Circuit follows the "first-to-file rule." *See, American Bankers Life Assurance Co. of Fla. v. Overton,*128 Fed.Appx. 399, 403 (5th Cir.2005). (When related cases are pending before two federal courts, the first-to-file rule instructs the court with the later-filed action to transfer it to the first-filed forum.) G*urzi v. Penn Credit Corporation,* Case No 6:19-cv-00823 currently pending in the Middle District of Florida was field on April 30, 2019. The current action, *Guidry,* was filed on July 30, 2019.

This case raises almost identical issues to those raised in *Gurzi,* which was filed three (3) months before the above-styled action. Both actions allege violations of the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA") related to Penn Credit Corporation. Both actions seek to establish whether Penn used an ATDS, or artificial or pre-recorded voice to place calls to

cellular telephones without prior express consent. Both are putative class actions, with both plaintiff's seeking to represent a national class. Thus, they are likely to substantially overlap. Based on these facts, this Court should transfer the above-styled action to the forum in which the *Gurzi* action is pending. *See In re Checking Account Overdraft Litig.,* 859 F.Supp.2d at 1324; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Beta Construction LLC,* No. 8:10–cv–1541–T–26TBM, 2010 WL 3789042, at \*3 (M.D.Fla. Sept. 24, 2010) ("The three primary considerations are (1) the chronology of the two actions, (2) the similarity of the parties, and (3) the similarity of the issues.").

Accordingly, Defendant's Motion to Dismiss or Transfer Venue to the Middle District of Florida must be granted.

IV.    **Conclusion.**

Wherefore, Defendant requests this Court Dismiss the instant lawsuit or transfer venue to the Middle District of Florida.  Defendant hereby avers that it has conferred in good faith with Plaintiff regarding the contents of the instant motion and the relief requested herein and advises this Court that Plaintiff has indicated *no opposition* to the instant motion and/or the relief requested herein.

Dated: October 1, 2019                                     Respectfully submitted,

By: */s/ Blake E. Oakes*
BLAKE E. OAKES (30006)
The Oakes Law Firm, LLC
110 Veterans Boulevard, Suite 560
Metairie, LA  70005
Telephone:  (504) 367-3479
Facsimile:  (504) 367-9330
blake@oakeslaw.com
*Attorney for Defendant, Penn Credit Corp*

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that the foregoing document has been electronically filed with the Clerk

of Court using the CM/ECF system, which will send notification of such filing to all attorneys of

record, and a copy was served, via United States Mail, on the 1st day of October, 2019, to the

following:

Rene Fernandez Rocha
Morgan & Morgan
909 Poydras Street, Suite 1625
New Orleans, Louisiana 70112
Telephone: (305) 989-8688
Email: rrocha@forthepeople.com

*Counsel for Plaintiff*

/s/ Blake E. Oakes
BLAKE E. OAKES (30006)